IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| MATTHEW HOLLICE GILBERT,<br><br>    Plaintiff,<br>v.<br><br>LIBERTY COUNTY, *erroneously named Liberty County Sheriff's Department*, SHELLY A. EDWARDS, *Deputy*, MICHAEL G. BENTLEY, JR., *Deputy*, and CHARLES DAIGLE, *Deputy*,<br><br>    Defendants. | CASE NO. 1:23-CV-00122-MJT |

## REPORT AND RECOMMENDATION ON DEFENDANTS' MOTION TO DISMISS AND ORDER TO AMEND COMPLAINT

This case is assigned to the Honorable Michael J. Truncale, United States District Judge, and is referred to the undersigned United States Magistrate Judge for pretrial management. This is a civil rights action, stemming from allegations that Defendants Liberty County, and deputies Shelly A. Edwards, Michael G. Bentley, Jr., and Charles Daigle (collectively, "Deputies") deprived Gilbert of his constitutional rights during the eviction from his personal home. *See generally* Pl.'s Pet., Doc. No. 2. Currently pending before the Court is the Defendants' *12(b)(6) Motion to Dismiss Plaintiff's Original Petition*. Doc. No. 5. As explained below, Gilbert fails to state a viable claim against the Liberty County Sheriff's Office or Liberty County. Moreover, he does not state a viable claim against any defendant for a violation of his Eighth Amendment rights. However, because his remaining Fourth and Fourteenth Amendment claims need further factual development, the undersigned will set this matter for a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (1985).

I.      Procedural History and Factual Background[1]

Gilbert, proceeding *pro se*, originally filed this action pursuant to 42 U.S.C. § 1983 in the 75th District Court of Liberty County, Texas.  Doc. No. 2.  The Defendants then removed this case to this Court on the basis of federal question jurisdiction.  Doc. No. 1; 28 U.S.C. §1331.

Gilbert alleges Deputy Edwards arrived at his residence located at the Texas Palms RV Park while he was in the midst of an eviction dispute.  Because he believed the rental agreement allotted him additional time to vacate the RV Park, he warned the officers[2] that their "threat[]" to arrest him for criminal trespass was illegal.  After law enforcement left, Gilbert continued to dispute the nature of his rental agreement with maintenance personnel, "Chris and Shelly."  After Chris and Shelly suggested that they would forcibly remove his property with a tow truck, the Liberty Sheriff's Office was called out.  When the Deputies arrived this time, Deputy Edwards grabbed Gilbert, instructed him not to enter his property, and placed his arms behind his back.  Gilbert took a defensive posture to protect his property, yet the Deputies attempted to place him on the ground by pushing his head and neck downward while applying pressure to his outstretched arms.  This eventually allowed an unnamed citizen to choke Gilbert in order to place him to the ground while the Deputies "inflict[ed] multiple strikes with stun guns" to the point Gilbert could no longer see and blacked out.  Afterwards, the Deputies placed Gilbert face down in the mud and restricted his airway while another citizen was allowed to hit him in the back of the neck to the point he had concussive like symptoms while also striking his testicles.  As a result, Gilbert alleges he had bruising to part of his neck, both upper arms, left shin and scrapes on his forehead.  Gilbert

---

[1] When reviewing a Rule 12(b)(6) motion to dismiss, the court accepts as true all allegations in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Therefore, the factual background described here derives from the allegations contained in Gilbert's original petition, which the undersigned assumes to be true.

[2] Gilbert alleges Deputy Edwards called for "backup," but it is unclear when any other officers arrived.

was arrested and then arraigned the following morning for charges of Assault of a Police Officer and Resisting Arrest. Gilbert claims both charges were dismissed.

Gilbert files suit under 42 U.S.C. § 1983 for the Deputies' deprivation of his constitutional rights guaranteed under the Fourth, Eighth and Fourteenth Amendments. In their *Motion to Dismiss*, the Deputies raise eleven different arguments why this case should be dismissed against the various defendants. Gilbert did not file a response.

## II.   Analysis

Under Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, a complaint must provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

When assessing a motion to dismiss under this Rule, the court must accept as true all well-pleaded facts in the plaintiff's complaint and view those facts in the light most favorable to the plaintiff. *Bowlby v. City of Aberdeen*, 681 F.3d 215, 219 (5th Cir. 2012). However, courts must "identify and disregard conclusory allegations because they are 'not entitled to the assumption of truth.'" *Lamar Cnty. Elec. Coop. Ass'n v. McInnis Bros. Constr., Inc.*, No. 4:20-CV-930, 2021 WL 1061188, at *4 (E.D. Tex. Mar. 19, 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (internal citation omitted). Because Gilbert is

proceeding *pro se*, the court necessarily holds his pleadings to "less stringent standards than formal pleadings drafted by lawyers" and construes them liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Perez v. United States*, 312 F.3d 191, 194-95 (5th Cir. 2002).

Title 42 U.S.C. § 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

It is well established that § 1983 does not confer any substantive rights, rather is purely a mechanism for vindicating federal rights conferred elsewhere. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). To be actionable under § 1983, a plaintiff must allege (1) that the defendant deprived him of a right secured by the Constitution and law, and (2) that the defendant deprived him of his constitutional right under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

  a. Liberty County Sheriff's Office

Gilbert sues the Liberty County Sheriff's Office under the theory that it "provid[ed] a vehicle through which the city fulfill[ed] its policing functions" and gave the Deputies authorization to commit the constitutional violations. Doc. No. 2, at 3. The Deputies assert that Gilbert's claims against the Liberty County Sheriff's Department must be dismissed because it is not a separate jural entity from Liberty County for purposes of this suit. The capacity of an entity to sue or be sued "shall be determined by the law of the state in which the district court is held." FED. R. CIV. P. 17(b). "In Texas, county sheriffs and police departments generally are not legal entities capable of being sued, absent express action by the superior corporation (the county, in the case of the sheriff's department) 'to grant the servient agency with jural authority.'" *Miller v. City of Houston*, No. 4:11-cv-429, 2013 WL 6222539, at * 4 (S.D. Tex. Nov. 29, 2013) (citing *Jacobs*

*v. Port Neches Police Dep't*, 915 F. Supp. 842, 844 (E.D. Tex. 1996) (Heartfield, D.J.) and *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991)). Gilbert has failed to set forth facts establishing that the Liberty County Sheriff's Department enjoys a separate legal existence apart from Liberty County or that it has been granted with jural authority. Thus, the undersigned determines that the Liberty County Sheriff's Department is not a legal entity under Rule 17(b) and therefore, lacks the legal existence and capacity to be sued for the violations alleged. *Id*. Accordingly, the *Motion to Dismiss* is granted as to all of Gilbert's claims against the Liberty County Sheriff's Department.

      b. Liberty County

Furthermore, to the extent Gilbert's claims can be liberally construed against Liberty County, his claims should still be dismissed for failure to state a claim upon which relief may be granted.

As stated previously, to make a cognizable claim under 42 U.S.C. § 1983, a plaintiff must allege he was deprived of a constitutionally or federally protected right, privilege or immunity by a *person* acting under color of state law. Traditionally, municipalities, such as Liberty County, were not considered to be "persons" acting under color of state law. *See Monroe v. Pape*, 365 U.S. 167 (1961). However, in *Monell v. Department of Social Services*, 436 U.S. 658 (1978), the Supreme Court held that municipalities could be held liable for monetary, declaratory, and injunctive relief in § 1983 proceedings so long as the action that is alleged to be unconstitutional implements or executes an official municipal policy. Such a policy may include "a persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy." *Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984).

However, "[i]solated violations are not the persistent, often repeated constant violations that constitute custom and policy" as required for municipal Section 1983 liability. *Bennett v. City of Sidell*, 728 F.2d 762, 768 n.3 (5th Cir. 1984), cert. denied, 472 U.S. 1016 (1985).

Moreover, governmental units cannot be held liable for the acts of its employees solely on a theory of *respondeat superior*. *Pembaur v. City of Cincinnati*, 475 U.S. 469 (1986); *City of Oklahoma City v. Tuttle*, 471 U.S. 808 (1985); *Monell*, 436 U.S. 658. A municipality can be found liable under § 1983 only for a deprivation of a federally protected constitutional or statutory right that is inflicted pursuant to "official policy or custom." *Monell*, 436 U.S. at 690-91.

Gilbert makes no allegations of any such policy, custom or practice against Liberty County nor does he allege it is liable for the actions of the Deputies. Accordingly, to the extent Gilbert's claims are against the Liberty County, they also fail to state a claim upon which relief may be granted.

      c. Eighth Amendment Violations

Gilbert claims the Deputies violated his Eighth Amendment right to be free from cruel and unusual punishment. However, other than rehashing the factual history of his interactions with the Deputies, Gilbert is not at all specific *how* the officers violated his Eighth Amendment rights. Nevertheless, as an arrestee and/or pre-trial detainee, the Eighth Amendment does not apply to Gilbert because he is not a convicted prisoner. *Fickes v. Jefferson Cnty.*, 900 F. Supp. 84, 87 (E.D. Tex. 1995); *Johnson v. Hill*, 514 F. Supp. 3d 958, 966 (S.D. Tex. 2021). Accordingly, the motion to dismiss Gilbert's Eighth Amendment claims should be granted.

      d. Remaining claims

As mentioned previously, Gilbert is proceeding *pro se*, and his pleadings are held to a less stringent standard than those drafted by lawyers. Nevertheless, his remaining claims are unclear

and vague to the extent that the Deputies' *Motion to Dismiss* is over double the length as his state court petition because of the "potential" claims Gilbert could be alleging. Moreover, Gilbert did not respond to the *Motion to Dismiss*, leaving the undersigned unclear exactly *which* constitutional rights he alleges were violated, *who* violated them and, most importantly, *how* they were violated. While the Deputies' *Motion to Dismiss* makes salient points, even if the undersigned recommended dismissal, Gilbert arguably should be given leave to amend his remaining claims. After careful review of Gilbert's state court petition, the undersigned cannot say that an amended complaint would be futile—that is, a new complaint *could* survive a motion to dismiss. *C.f. Avdeef v. Royal Bank of Scotland, P.L.C.*, 616 F. App'x 665, 676 (5th Cir. 2015) ("Amendment is futile if the new complaint 'could not survive a motion to dismiss.'") (quoting *Rio Grande Royalty Co., Inc. v. Energy Transfer Partners, L.P.*, 620 F.3d 465, 468 (5th Cir. 2010)).

Accordingly, the undersigned will set this matter for a *Spears* hearing which will be further explained in a forthcoming order.

### III. Conclusion

For the reasons expressed above, the Defendants' *Motion to Dismiss Plaintiff's Original Petition* (Doc. No. 5) should be **GRANTED IN PART**. Gilbert's claims against the Liberty County Sheriff's Department, Liberty County and Eighth Amendment claims against all defendants should be **DISMISSED WITH PREJUDICE**. The Defendants' *Motion to Dismiss* on the grounds not addressed by this Report and Recommendation should be **DENIED** at this time, subject to reassertion after the conclusion of the *Spears* hearing.

### IV. Objections

Pursuant to 28 U.S.C. § 636(b)(1)(C), each party to this action has the right to file objections to this Report and Recommendation. Objections to this Report must (1) be in writing,

(2) specifically identify those findings or recommendations to which the party objects, (3) be served and filed within fourteen (14) days after being served with a copy of this Report, and (4) be no more than eight (8) pages in length.  See 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(2); E.D. TEX. CIV. R. CV-72(c). A party who objects to this Report is entitled to a de novo determination by the United States District Judge of those proposed findings and recommendations to which a specific objection is timely made. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P.  72(b)(3).

A party's failure to file specific, written objections to the proposed findings of fact and conclusions of law contained in this Report, within fourteen (14) days of being served with a copy of this Report, bars that party from: (1) entitlement to de novo review by the United States District Judge of the findings of fact and conclusions of law, and (2) appellate review, except on grounds of plain error, of any such findings of fact and conclusions of law accepted by the United States District Judge.  *See Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED this 18th day of January, 2024.

_____
Zack Hawthorn
United States Magistrate Judge